IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BILLY R. TATUM, #67429                                                                PETITIONER

VERSUS                                                    CIVIL ACTION NO.  2:06cv132KS-MTP

CHRISTOPHER EPPS                                                                      RESPONDENT

OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order was entered on June 6, 2006, denying the petitioner's request to proceed in forma pauperis and requiring petitioner to pay the full filing fee of $5.00 within 20 days.  Petitioner was warned that his failure to timely comply with the requirements of the order could lead to the dismissal of his lawsuit.  A copy of the order was mailed to the petitioner at his last known address.

When the petitioner failed to comply with the order of June 6, 2006, an order to show cause was entered on July 25, 2006, directing the petitioner to respond on or before August 9, 2006, and explain why this civil action should not be dismissed for the petitioner's failure to comply with the order of this court.  Once again, the petitioner has failed to comply with an order of this court.

A second order to show cause was entered on August 30, 2006, directing the petitioner to respond within 15 days from the filed date of the order.  That order also warned the petitioner that failure to comply with the order of this court would result in the dismissal of this civil action.  According to the docket entries, the petitioner has once again failed to comply.

Even though more than 15 days have elapsed since the deadline for complying with the second order to show cause, the petitioner has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's order.  The

petitioner's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondent has never been called upon to respond to the petitioner's pleading, and has never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 5th day of October , 2006.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE